# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MELODIE DEPIERRO,               ) | |
|                       ) | |
|         Plaintiff,          ) | Case No.: 2:20-cv-01481-GMN-VCF |
|      vs.                     ) | |
|                       ) | **ORDER** |
| LAS VEGAS POLICE PROTECTIVE   ) | |
| ASSOCIATION METRO, INC.; LAS VEGAS ) | |
| METRO POLICE DEPARTMENT,      ) | |
|                       ) | |
|         Defendants.        ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 11), filed by Defendant Las Vegas Metropolitan Police Department ("LVMPD").  Plaintiff Melodie DePierro ("Plaintiff") filed a Response, (ECF No. 20), and LVMPD filed a Reply, (ECF No. 24).

Also pending before the Court is the Motion to Dismiss, (ECF No. 13), filed by Defendant Las Vegas Police Protective Association Metro, Inc. ("the Union").  Plaintiff filed a Response, (ECF No. 19), and the Union filed a Reply, (ECF No. 25).

Also pending before the Court is LVMPD's Motion for Summary Judgment, (ECF No. 29).  Plaintiff filed a Response, (ECF No. 41), and LVMPD filed a Reply, (ECF No. 46).

Also pending before the Court is the Union's Motion for Summary Judgment, (ECF No. 32).  Plaintiff filed a Response, (ECF No. 40), and the Union filed a Reply, (ECF No. 44).

Also pending before the Court is Plaintiff's Motion for Summary Judgment, (ECF No. 33).  LVMPD and the Union filed Responses, (ECF No. 36–37), and Plaintiff filed a Reply, (ECF No. 42).

For the reasons discussed below, the Court **GRANTS** the Motions to Dismiss **with prejudice**, and **DENIES as moot** the Motions for Summary Judgment.

//

## I.   **BACKGROUND**

This case arises from Plaintiff's attempt to revoke LVMPD's authority to deduct Plaintiff's Union dues from her paycheck outside of the time authorized by the Union's collective bargaining agreement ("CBA") with LVMPD. (*See* Compl., ECF No. 1).  Plaintiff serves as an officer for LVMPD. (*Id.* ¶ 2).  LVMPD officers are part of a bargaining unit represented exclusively by the Union. (*Id.*).  Plaintiff was previously a Union member. (*Id.* ¶¶ 2–3).  And, pursuant to the CBA between LVMPD and the Union as well as Plaintiff's dues deduction authorization form[1], Plaintiff's Union dues were deducted from her paychecks. (*Id.* ¶¶ 17–18).  Under Article 4.1 of the CBA, union members who "signed an authorized payroll deduction card" agreed that their paycheck dues deduction authorization would be "irrevocable for a period of one (1) year and automatically renewed each year thereafter commencing October 1, except that authorization may be withdrawn by an employee during a period of 20 days each year ending October 20." (*Id.* ¶ 17).

On January 9, 2020, Plaintiff notified LVMPD and the Union in writing that she was resigning her membership in the Union. (*Id.* ¶ 15).  She simultaneously requested that LVMPD immediately cease deducting Union dues from her paycheck. (*Id.*).  LVMPD and the Union declined the request to cease deducting Union dues. (*Id.*).  Plaintiff now seeks declaratory relief, an injunction, and damages against Defendants, arguing that enforcing the CBA's paycheck deduction revocation period violated her First Amendment right to be free from compelled speech under *Janus v. AFSCME, Council 31* ("*Janus*"), 138 S. Ct. 2448, 2486 (2018). (Compl. ¶¶ 23–42).  She argues that, under *Janus*, the revocation period cannot be

---

[1] Plaintiff alleges that she did not sign a dues deduction authorization form "agreeing to the restrictive escape period of 20 days" contained in the CBA. (Compl. ¶ 18).  While her authorization form did not reflect the restrictive period provided in the CBA, Plaintiff did execute a dues deduction authorization form, of which the Court takes judicial notice under FRE 201. (*See* Decl. David Roger, ECF No. 18); (DePierro Signed Form for Membership and Deduction of Membership Dues, Ex. A to Roger Decl., ECF No. 18-1).

1
2
enforced because she did not provide an "affirmative consent and knowing waiver of First Amendment rights." (*Id.* ¶ 4).

3
## II.   <u>LEGAL STANDARD</u>

4
5
6
7
8
9
10
11
12
Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

13
14
15
16
17
18
The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

19
20
21
22
23
24
25
A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Furthermore, the Supreme Court has rejected any sort of "heightened" pleading requirement for § 1983 municipal liability claims because such a heightened pleading standard cannot be "square[d] . . . with the liberal system of 'notice

pleading' set up by the Federal Rules." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss becomes a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.    DISCUSSION

LVMPD and the Union both argue that Plaintiff has failed to state a First Amendment claim because enforcement of the CBA's restrictive revocation period does not compel speech as a matter of law. (LVMPD Mot. Dismiss ("LVMPD MTD") 5:13–8:14, ECF No. 11); (Union

MTD 4:21–9:24, ECF No. 13).  The Union separately argues that it cannot be liable for any constitutional violation because it is not a state actor, and Plaintiff's claims for declaratory and injunctive relief are moot. (Union MTD 10:1–19:8).  The Court finds that Plaintiff's First Amendment theory is foreclosed by Ninth Circuit precedent and therefore need not reach the Union's remaining arguments.

The Court first addresses the scope of *Janus* and the Circuit's application thereof.  In *Janus*, the plaintiff challenged the constitutionality of an Illinois law that compelled public sector employees, who chose not to join the labor union that represented their bargaining unit, to pay an "agency fee" on the grounds that the law compelled speech. 138 S. Ct. at 2460. Under Illinois law, public sector unions were entitled to agency fees from non-members and could apply the proceeds to activities "germane to [the union's] duties as collective-bargaining representative." *Id.* (internal citations and quotations omitted) (internal modifications original).

The Supreme Court held that the Illinois law violated the First Amendment because it forced non-union employees to subsidize the positions the union took during collective bargaining without serving a sufficiently weighty state interest. *Id.* at 2462–78, 2485–86. However, the Supreme Court narrowly circumscribed its holding in ways essential to this case. The Court limited its holding to unions deducting fees from *nonmembers'* wages without their consent. *Id.* at 2486.  In its analysis, when explaining the powers granted to unions under Illinois law "[e]ven without agency fees," the Court emphasized that unions are often granted the privilege of "having dues and fees deducted directly from employee wages[.]" Id. at 2467. The Court expressly stated that following its decision, "[s]tates can keep their labor-relations systems exactly as they are—only they cannot force nonmembers to subsidize public-sector unions." *Id.* at 2486 n.27.

The Ninth Circuit adopted *Janus*'s aforementioned limitations in *Belgau v. Inslee*, 975 F.3d 940 (9th Cir. 2020).  Just like the present case, *Belgau* concerned the constitutionality of

1    deducting union dues from a former union member's paycheck through the enforcement of a

2    CBA's restrictive revocation period. *Id.* at 944–45.  The plaintiffs had signed membership

3    agreements authorizing their employer to deduct union dues from their paychecks. *Id.* at 945.

4    In 2017, the plaintiffs signed revised authorization cards that included a "voluntary

5    authorization" that made the dues deduction "irrevocable for a period of one year." *Id.*  The

6    plaintiffs revoked their union memberships after the *Janus* decision and attempted to revoke

7    their paycheck deduction authorizations outside the authorized period. *Id.* at 945–46.  The

8    union continued making deductions because the one-year period had not yet lapsed. *Id.* at 946.

9    Plaintiffs then brought a First Amendment claim against their employer and the union arising

10   from the paycheck deductions, which the district court dismissed. *Id.*  The Ninth Circuit

11   affirmed, finding that the plaintiffs could not state a First Amendment claim because they

12   agreed to a contract providing for the limited revocation period, whereas the plaintiffs in *Janus*

13   were compelled to subsidize the union by statute without their prior consent. *Id.* at 950–52

14           The court explained that the plaintiffs "chose to join [the union]" and therefore lacked "a

15   serious argument that they were coerced to sign the membership cards; they voluntarily

16   authorized union dues to be deducted from their payrolls." *Id.* at 950.  While *Janus* concerned

17   mandatory financial support for a union compelled by statute, "[t]hese facts speak to a

18   contractual obligation, not a First Amendment violation." *Id.*  "The First Amendment does not

19   support Employees' right to renege on their promise to join and support the union[, and] . . .

20   *Janus* did not alter these basic tenets of the First Amendment." *Id.*  Where, as in *Belgau*,

21   plaintiffs agreed to a restrictive revocation period by contract, plaintiffs were not subject to a

22   compulsion like that which animated *Janus*. *Id.*

23           Here, Defendants argue that *Belgau* presents the same facts as those Plaintiff raises in

24   her Complaint. (LVMPD MTD 6:20–8:13); (Union MTD 6:20–9:24).  Plaintiff attempts to

25   distinguish *Belgau*, arguing that she never agreed to the restriction. (Pl.'s MTD 5:22–8:24).

Unlike the plaintiffs in *Belgau*, who signed new authorization cards that explained the restrictive revocation period, Plaintiff argues that she never expressly agreed to Defendants' revocation period. (*Id.*5:22–8:24).  Plaintiff argues that Defendants have compelled her speech after her attempted revocation given she did not affirmatively consent to the revocation restriction with the knowledge of how the restriction would impact her First Amendment rights.

The distinction is immaterial under *Janus* and the Circuit's analysis in *Belgau*.  As the Circuit explains in *Belgau*, "choosing to pay union dues cannot be decoupled from the decision to join a union." 975 F.3d at 950–51.  By joining the Union, Plaintiff agreed that her relationship with LVMPD would be governed by the CBA.  And, as a Union member, she would be bound by the CBA as amended during the course of her Union membership.  She cannot escape the consequences of her decision to join the Union.  "By joining the union and receiving benefits of membership, [she] also agreed to bear the financial burden of membership." *Id.* at 951.

Contrary to Plaintiff's assertions, the First Amendment does not require that Plaintiff affirmatively waive her ability to unconditionally revoke her paycheck deduction authorization. In *Belgau*, the Circuit echoed the Supreme Court's admonition that "[s]tates can keep their labor-relations systems exactly as they are—only they cannot force nonmembers to subsidize public-sector unions." *Id.* (quoting *Janus*, 138 S. Ct. at 2485 n.27).  Just as in *Belgau*, Plaintiff is not being compelled to support the Union without ever having authorized the Union to be her representative.  Instead, she seeks to escape the consequences of a CBA she now regrets assenting to as a consequence of her Union membership.  Defendants' decision to bind Plaintiff to Article 4.1 of the CBA based on her dues deduction authorization form does not compel her speech absent a waiver of her revocation rights.  To the contrary, "The Court . . .  in no way created a new First Amendment waiver requirement for union members before dues are deducted pursuant to a voluntary agreement." *Id.* at 952.

Defendants have not compelled Plaintiffs' speech.  She had the freedom to never join the Union or to withdraw her membership before enactment of the CBA with the restrictive revocation period.  Her freedom to refrain from paying Union dues may be validly "subject to a limited payment commitment period." *Belgau*, 975 F.3d at 952.  As it appears no set of facts could entitle Plaintiff to relief, the Court grants the Motions to Dismiss with prejudice.

## IV.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that LVMPD's Motion to Dismiss, (ECF No. 11), is **GRANTED with prejudice**.

**IT IS FURTHER ORDERED** that the Union's Motion to Dismiss, (ECF No. 13), is **GRANTED with prejudice**.

**IT IS FURTHER ORDERED** that LVMPD's Motion for Summary Judgment, (ECF No. 29), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Union's Motion for Summary Judgment, (ECF No. 32), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 33), is **DENIED as moot**.

The Clerk of Court shall close the case and enter judgment accordingly.

Dated this  8  day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT